**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2005[*]
Decided November 15, 2005

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2322

|  |  |
|---|---|
| GEORGE HARVEY | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *Petitioner-Appellant,* |  |
| *v.* | No. 3:05cv0088 AS |
| EDWIN BUSS, | Allen Sharp, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Indiana prisoner George Harvey was allowed two pairs of eyeglasses, but a shakedown revealed that he actually had fifteen pairs in his cell. He was convicted before a prison board of possessing unauthorized property and punished with, among other things, a loss of earned good-time credits and a demotion in credit earning class. After exhausting his administrative remedies, Harvey unsuccessfully petitioned the district court for a writ of habeas corpus, 28 U.S.C. § 2254.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and on the record. *See* Fed. R. App. P. 34(a)(2).

On appeal Harvey argues that he was punished without due process because there was insufficient evidence to support his conviction. He contends that prison authorities were required to present as evidence the confiscated glasses or at least a photograph of them. But there is no requirement that physical evidence be presented at a prison disciplinary hearing; instead, in order to comport with due process, the findings of the prison board must simply be supported by "some evidence." *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996). This lenient standard means simply that there must be some factual support in the record for the board's findings. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone was sufficient evidence to satisfy due process). Here, the evidence relied upon includes the conduct report describing the seizure of 15 pairs of glasses, an evidence record cataloguing the glasses, and Harvey's personal property log showing that these items were unauthorized. This evidence is sufficient to satisfy due process.

Harvey also questions the procedure by which the conduct report was completed and submitted, but he has forfeited this argument by failing to raise it in the district court. *See Dalton v. Battaglia*, 402 F.3d 729, 737 (7th Cir. 2005); *Moffat v. Gilmore*, 113 F.3d 698, 703 (7th Cir. 1997). The judgment of the district court is

AFFIRMED.